IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06 C 6903 ) ) Judge Robert W. Gettleman |
| JEFFREY W. LOSINSKE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chicago Regional Council of Carpenters, filed an action in the Circuit Court of Cook County, IL, seeking to collect a fine against defendant union member, Jeffrey W. Losinske. Defendant removed the case to this court, asserting preemption by § 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185(a). Plaintiff has moved to remand arguing that this court lacks subject matter jurisdiction. For the reasons described below, plaintiff's motion is granted and the case is remanded to state court.

## FACTS

Defendant, as a member of the plaintiff union, was required to comply with the International Constitution, all relevant By-Laws, and the Regional Council Working Rules of the union. In an internal proceedings, defendant was found guilty of violations of the union's "Constitution and/or Working Trade Rules." Plaintiff levied a $3,504,800.00 fine against defendant for the violations. When defendant failed to pay the fine, plaintiff filed a complaint in the Circuit Court of Cook County for collection of the fine and costs of the suit.

**DISCUSSION**

Removal of a state claim to federal court is proper only when the claim could have been filed in federal court, in other words, when the federal court has original subject matter jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), (citing 28 U.S.C. § 1441(a)). If the federal court does not have original subject matter jurisdiction over a case it must be remanded to the state court. 28 U.S.C. § 1447(c).

Federal district courts have original subject matter jurisdiction when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, or when the claim raises a federal question. Chirico v. Ceramic Tile Layers Union, Local 67, 13 F. Supp. 2d 798, 799 (N.D. Ill. 1998), (citing 28 U.S.C. §§ 1331-1332). Because diversity of citizenship is not an issue raised in the instant case, the claim must arise under the Constitution, a federal law, or a treaty for this court to have federal question jurisdiction.

The existence of a federal question is governed by the "well-pleaded" complaint rule. A "suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1,6 (2003). Generally, a defense such as preemption is sufficient to establish federal question jurisdiction. If, however, a certain area is completely preempted by Congress a claim in that area is a federal claim. Atchley v. Heritage Cable Vision Assoc., 101 F.3d 495, 498 (7th Cir. 1996).

Plaintiff has moved to remand, arguing that this court lacks subject matter jurisdiction and that § 301 of the LMRA does not completely preempt its complaint. Section 301 of the LMRA provides:

> [s]uits for violation of contracts *between* an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or *between* any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of parties." 29 U.S.C. § 185(a) (emphasis added).

Section 301 of the LMRA completely preempts suits for violations of labor contracts. Atchley, 101 F.3d at 498. The Supreme Court has interpreted contracts "between any such labor organizations," to include international union constitutions. See Wooddell v. Int'l Bhd. Of Elec. Workers, Local 71, 502 U.S. 93, 98-99 (1991) (citing Plumbers and Pipefitters v. Plumbers and Pipefitters, Local 334, 452 U.S. 615 (1981)). Thus, the only contracts preempted by § 301 are contracts between employers and union, and contracts between unions, including union constitutions. The Supreme Court further interpreted the word "between" to refer to "contracts," not suits"; thus § 301 preempts claims for a violation of a labor contract even if one of the parties to the suit is not a party to the contract. See Wooddell, 502 U.S. at 99-99 (citing Smith v. Evening News Ass'n, 371 U.S. 195, 198 (1962)). In Wooddell, the Court established that an individual union member could make a claim against his local union under § 301 for a violation of an international union constitution. 502 U.S. at 98-99. Thus, § 301 preempts claims for breach of contract by employers who have contracted with a union, unions that have contracted with an employer or another union, or individual union members if a breach of a labor contract or international constitution is alleged.

In Wooddell, the plaintiff opposed an announced dues increase and appointment of a union representative, causing a dispute that resulted in the president of the local union filing internal disciplinary proceedings against him. Id. at 95. No decision was rendered on the charges and Wooddell filed a suit against the local union in federal district court. Id.

3

Wooddell's complaint alleged various claims including violation of the international union constitution and local bylaws. Id. At 95-96. Wooddell argued that the local union violated the international union constitution through its actions against him and that he had standing for a breach of contract under § 301. Id.

The district court ruled against the defendant on all claims in response to the union's motions for summary judgment. Id. at 96. The Court of Appeals affirmed the district court, relying on Sixth Circuit precedent holding that § 301 did not grant individual union members standing to sue their local unions for breaches of international union constitutions. Id. The Supreme Court granted certiorari and reversed the Sixth Circuit, holding that individual union members do have standing to sue their local unions under § 301. Id. The Court stated that claims by individuals against unions for violations of labor contracts were analogous to claims by individual employees against their employers for violations of collective bargaining agreements, which had previously been held to be covered by § 301. Id. at 102.

Plaintiff argues that there are two reasons this case should be remanded: (1) its claim is for breach of contract that is not preempted by § 301; and (2) § 301 does not allow unions to sue individual members for damages. Because jurisdiction of this case can be determined merely by examining what kind of contract is at issue, the court will address only plaintiff's first argument. Plaintiff argues that § 301 does not preempt its claim because § 301 applies only to claims based on contracts between an employer and a union or between two unions, not contracts between an individual member and a local union. Plaintiff argues that because the contract at issue in its complaint is between an individual union member and the union in which defendant agreed to pay fines, it is not covered by § 301. Defendant argues that § 301 does preempt plaintiff's claim

4

because underlying plaintiff's claim for payment is an issue of a breach of the international union constitution.

Courts that have addressed this question since Wooddell agree with plaintiff. "Section 301 speaks in terms of contracts between a labor organization and an employer, or between labor organizations, not contracts between a labor organization and its members." Int'l Bhd. Of Elec. Workers, Local Union 640 v. Dueck, 148 F. Supp. 2d 955, 962 (Dist. Ct. Ariz. 2000) (citing N.L.R.B. v. Allis -Chalmers Mfg. Co., 388 U.S. 175, 182 (1967) (asserting state jurisdiction over complaint filed by union against member to collect fines imposed due to violation of international union constitution)); see also Sheet Metal Workers Local Union No. 218 v. Massie, 255 Ill. App. 3d 697, 702 (4th Dist. 1993); Int'l Assoc. Of Heat & Frost Insulators and Asbestos Workers Local #8 v. Doerman, 2005 U.S. Dist. LEXIS 9012 *3 (S. Dist. Ohio April 18, 2005).

In Dueck, the plaintiff-union filed an action in state court to collect a fine imposed on a member after that member was found by the appropriate union body to have violated his membership agreement. 148 F. Supp. 2d 955. The membership agreement consisted of the IBEW Constitution and Local 640's By-Laws. Id. The defendant removed the case to federal court, and the plaintiff responded with a motion to remand. The defendant argued that a breach of contract case based on a breach of the union constitution is completely preempted by § 301. Id. The court found that there was no federal subject matter jurisdiction under § 301 for claims by unions against individual members because the complaint did not raise any claim of a breach of contractual obligation between unions or between employers and a union. Id. at 963.

The instant case is analogous. The complaint filed in state court alleges a failure to pay a fine imposed by a local union against a member for a breach of the international union

5

constitution and the local working trade rules. The contract in question is the contract between defendant (the individual union member) and plaintiff (the union). The complaint requires analysis of the section of the agreement between plaintiff and defendant that requires the payment of such fins, not the constitutional provision that defendant violated. Because the contract in question is not between an employer and a labor organization or between labor organizations, it is not a labor contract preempted by § 301.

This court does not have subject matter jurisdiction. Plaintiff's motion to remand is granted.

**ENTER:** May 29, 2007

_____
**Robert W. Gettleman
United States District Judge**